```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
LOWELL KERN, JOSEPH BALL, MICHELLE
SHAPIRO, and STEVE HERMIDA individually
and on behalf of all others similarly situated,

                        Plaintiffs,

           -against-                                            24 Civ. 871 (AT)

STUBHUB, INC.,                                                       ORDER

                        Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/17/2024_

ANALISA TORRES, District Judge:

Plaintiffs, Lowell Kern, Joseph Ball, Michelle Shapiro, and Steve Hermida, bring this putative class action against Defendant, StubHub, Inc. ("StubHub"), alleging that StubHub violated New York Arts and Cultural Affairs Law ("ACAL") § 25.07 and unjustly enriched itself by failing to properly disclose fees associated with tickets sold on its platform.  *See generally* Am. Compl., ECF No. 20.  StubHub now moves to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arguing that the arbitration agreement in the StubHub Global User Agreement governs this action.  Mot. at 1, ECF No. 22; Def. Mem. at 1, ECF No. 23.  For the reasons stated below, the motion is GRANTED.

## BACKGROUND

I. The Arbitration Agreement

StubHub is an online platform for the resale of event tickets.  Wright Decl. ¶ 4, ECF No. 24.  To purchase a ticket on StubHub's website or mobile application, a user must complete the purchase by clicking a "Buy Now" button.  *Id.* ¶ 12.  Directly above that button is gray text informing the user that "[b]y clicking the button . . . [the user] acknowledge[s] and accept[s]

[StubHub's] terms and conditions and privacy policy." *Id.* The phrases "terms and conditions" and "privacy policy" are offset in bright blue font and hyperlinked. *Id.*; ECF No. 31 ¶ 4; ECF No. 34 ¶ 12.



When clicked, the "terms and conditions" hyperlink opens a webpage containing a document titled "StubHub Global User Agreement" (the "User Agreement"). Wright Decl. ¶ 13; *see* User Agreement, ECF No. 24-1. The first clause of the User Agreement alerts the user, in bolded and capitalized text, that "Clause 22 of [the User] Agreement contains an agreement to arbitrate, which . . . require[s] [the user] to submit claims [they] have against [StubHub] to binding and final arbitration" unless the user opts out of the arbitration agreement.[1] User Agreement ¶ 1 (capitalization altered). Clause 22 further states that "any and all disputes or claims that have arisen or may arise between [the user] and [StubHub] relating in any way to or arising out of" the User Agreement "or any tickets or related passes sold or purchased through the [StubHub] Site or Services shall be resolved exclusively through final and binding arbitration." *Id.* ¶ 22.1. Clause 22 also provides that the user may bring claims against StubHub "only on an individual basis and not as a plaintiff or class member in any purported class." *Id.* ¶ 22.1 (capitalization altered); *see also id.* ¶ 1.

II. Plaintiffs' Ticket Purchases

Plaintiffs each purchased a ticket from StubHub's website or mobile application and did not opt out of the arbitration agreement. Am. Compl. ¶¶ 7–10; Def. Mem. at 1, 3. They then

---

[1] To opt out of the arbitration agreement, the user must submit an opt-out form to StubHub via mail. Wright Decl. ¶ 16. The form is hyperlinked in the User Agreement. *Id.*

brought this putative class action under ACAL § 25.07(4), which requires ticket resale platforms to "disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." Plaintiffs allege that StubHub violated ACAL § 25.07(4) by initially quoting them "a fee-less [ticket] price" and disclosing additional fees only after they had "click[ed] through multiple pages." Am. Compl. ¶¶ 7–10, 65–76. Plaintiffs also allege that, as a result, StubHub unjustly enriched itself. Id. ¶¶ 77–83.

Before the Court is StubHub's motion to compel arbitration under the FAA. Mot. at 1.

## DISCUSSION

I. Legal Standard

The FAA provides that arbitration agreements in contracts involving interstate commerce "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. This provision reflects a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted).

Under the FAA, an aggrieved party can petition a court for an order directing that "arbitration proceed in the manner provided for in [an arbitration] agreement." 9 U.S.C. § 4. The court "must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (citation omitted); *see* 9 U.S.C. § 3. To determine whether parties have agreed to arbitrate a dispute, the court considers "(1) whether a valid agreement to arbitrate under the contract in question exists and (2) whether the particular dispute in question falls within the scope of that arbitration agreement." *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d

3

81, 99 (S.D.N.Y. 2015). If both prongs are met, "the role of the court ends and the matter is one for arbitration." *Unique Woodworking, Inc. v. N.Y.C. Dist. Council of Carpenters' Pension Fund*, No. 07 Civ. 1951, 2007 WL 4267632, at *4 (S.D.N.Y. Nov. 30, 2007).

In deciding a motion to compel arbitration, the Court applies "a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). The Court "consider[s] all relevant, admissible evidence" and "draw[s] all reasonable inferences in favor of the non-moving party." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (citation omitted). The Court may grant a motion to compel arbitration "when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that [the] movant is entitled to judgment as a matter of law." *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 75 (S.D.N.Y. 2015) (citation omitted).

II. Analysis

    A. Contract Formation

Whether a valid arbitration agreement exists "is determined by state contract law." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73–74 (2d Cir. 2017). StubHub contends, and Plaintiffs do not dispute, that under the User Agreement's choice-of-law provision, California law governs this question.[2] Def. Mem. at 7; *see also Meyer*, 868 F.3d at 74.

"In California, internet contracts are classified by the way in which the user purportedly gives their assent to be bound by the associated terms: browsewraps, clickwraps, scrollwraps, and sign-in wraps." *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1014 (9th Cir. 2024)

---

[2] In any event, New York and California apply "substantially similar rules for determining whether the parties have mutually assented to a contract term." *Meyer*, 868 F.3d at 74 (citation omitted).

4

(internal quotation marks and citation omitted).  The arbitration agreement here is a sign-in wrap agreement because "the consumer is purportedly bound by clicking" the "Buy Now" button, which "they would otherwise need to click to continue with their transaction."  *Sellers v. JustAnswer LLC*, 289 Cal. Rptr. 3d 1, 21 (Ct. App. 2021); *see also Keebaugh*, 100 F.4th at 1014.  Sign-in wrap agreements are "enforceable contract[s] based on inquiry notice if (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms."  *Keebaugh*, 100 F.4th at 1014 (internal quotation marks and citation omitted).  The Court considers each prong in turn.

1. Notice

To determine whether "textual notice is sufficiently conspicuous to put an individual on notice under California law, courts evaluate factors including: (1) the size of the text; (2) the color of the text compared to the background; (3) the location of the text and its proximity to where the user clicks to consent; (4) the obviousness of an associated hyperlink; and (5) other elements on the screen which clutter or obscure the textual notice."  *In re Stubhub Refund Litig.*, No. 22-15879, 2023 WL 5092759, at *2 (9th Cir. Aug. 9, 2023).

The textual notice here, which is displayed immediately above the "Buy Now" button, appears in dark gray font and stands out against the white background.  The phrase "terms and conditions" is offset in bright blue font, which prominently identifies and distinguishes it from the rest of the notice and indicates an associated hyperlink.  When clicked, the hyperlink opens the User Agreement, which contains, in bolded and capitalized text, a prominent notice of the arbitration agreement.  Additionally, the textual notice appears in approximately the same size as the "Buy Now" button and is not cluttered or obscured by other elements on the screen.

Considering these factors, StubHub's website and mobile application provide Plaintiffs reasonably conspicuous notice of the arbitration agreement. *Compare Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 516 (9th Cir. 2023) (finding notice sufficiently conspicuous when it was "displayed directly above or below the action button" and "the 'Terms of Use' hyperlink [was] conspicuously distinguished from the surrounding text in bright blue font, making its presence readily apparent"), *with Stubhub Refund Litig.*, 2023 WL 5092759, at *2 (finding notice insufficient when the relevant text "d[id] not stand out against the white background; it [was] not obvious to the user that the text [was] hyperlinked; and the bright pink sign-up button obscure[d] the muted colors of the relevant text providing notice").

    2. Assent

Having determined that the textual notice here is sufficiently conspicuous, the Court turns to whether Plaintiffs took some action that unambiguously manifested their assent to the arbitration agreement. Under California law, "[a] user's click of a button can be construed as an unambiguous manifestation of assent only if the user is explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022). The "presence of an explicit textual notice" that a specific action "will act as a manifestation of the user's intent to be bound is critical" to the agreement's enforceability. *Id.* at 857–58 (internal quotation marks and citation omitted).

StubHub's textual notice explicitly advised Plaintiffs that, by clicking the "Buy Now" button, Plaintiffs accepted StubHub's terms and conditions. Because the notice indicated "what action would constitute assent to [the] terms and conditions," it "explicitly notif[ied] [Plaintiffs] of the legal significance of the action [they had to] take to enter into [the] contractual agreement." *Id.* at 858. Accordingly, by clicking the "Buy Now" button, Plaintiffs

unambiguously manifested their assent to the arbitration agreement and effectuated a valid arbitration agreement between themselves and StubHub.

### B. Scope of the Arbitration Agreement

Because there is a valid arbitration agreement between the parties, the Court considers whether Plaintiffs' claims fall within the scope of the agreement. In assessing the scope of the agreement, arbitration is preferred "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Thomas James Assocs., Inc. v. Jameson*, 102 F.3d 60, 65 (2d Cir. 1996) (citation omitted). If the arbitration clause is broad, "then there is a presumption that the claims are arbitrable." *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995).

Plaintiffs do not dispute that their claims against StubHub fall within the scope of the arbitration agreement. Indeed, the arbitration clause, which covers "any and all disputes or claims" arising out of Plaintiffs' use of or access to StubHub's services, or any tickets sold or purchased through StubHub, "is the paradigm of a broad clause," giving rise to a presumption of arbitrability. *Id.* Plaintiffs' claims that StubHub charges purchasers without properly disclosing fees and unjustly enriches itself as a result arise out of Plaintiffs' use of StubHub's services. Their claims thus fall within the scope of the arbitration agreement.

The Court's inquiry ends here. Because there is a valid arbitration agreement between the parties and Plaintiffs' claims fall within the scope of that agreement, "the matter is one for arbitration." *Unique Woodworking*, 2007 WL 4267632, at *4.

## CONCLUSION

For the foregoing reasons, StubHub's motion to compel arbitration is GRANTED. This action is STAYED pending arbitration of Plaintiffs' claims. *See Katz v. Cellco P'ship*, 794 F.3d

341, 345 (2d Cir. 2015). The parties are directed to file a status update within one week of the conclusion of arbitration. The Clerk of Court is directed to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: December 17, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge